UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ROBERT C. WALKER,
Institutional ID No. 02384194

Petitioner,

v.                                                                                  No. 6:23-CV-00041-H

DIRECTOR, TDCJ-CID,

Respondent.

### OPINION AND ORDER

In this consolidated 28 U.S.C. § 2254 habeas action, Petitioner Robert C. Walker, a state prisoner proceeding pro se, challenges his 2022 Brown County convictions in Case Nos. CR28270, CR28271. Dkt. Nos. 1, 15. Respondent filed an answer and relevant records, arguing that the Court should dismiss Walker's claims as barred by the applicable statute of limitations. Dkt. Nos. 27, 29. Walker filed a reply. Dkt. No. 30. As explained below, the Court concludes that Walker's claims must be dismissed as untimely.

1. **Background**

On February 3, 2022, Walker pled guilty to possessing a controlled substance and assaulting a police officer, and was sentenced to two concurrent 15-year sentences. Dkt. Nos. 29-2 at 29–40; 29-4 at 29–37. Walker did not appeal his convictions. On December 29, 2022 at the earliest, Walker filed two state habeas applications challenging his convictions. Dkt. Nos. 29-2 at 4–40; 29-4 at 4–39. On March 1, 2023, the Texas Court of Criminal Appeals (TCCA) denied Walker's applications without written order. Dkt. Nos. 29-1, 29-3. On June 22, 2023,[1]

---

[1] Because Walker did not date either petition or state when he delivered them to prison authorities for mailing, Respondent adopts the Clerk's June 22, 2023 file date as Walker's filing date. Dkt. No. 27 at 3; see *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ("[A] prisoner's habeas petition is filed for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for

Walker filed his two federal habeas petitions, which the Court later consolidated into this single action. Dkt. Nos. 1, 13, 15.

2. **Discussion**

    A. **Statute of Limitations**

It is undisputed that Walker's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year time limitation for a state prisoner to file a federal habeas corpus petition. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see* 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *Id.* at § 2244(d)(2). However, state habeas applications filed after the expiration of the limitation period do not toll the limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

---

mailing."). Walker does not argue or otherwise plead any facts to show that another filing date should be used.

2

### B. Equitable Tolling

AEDPA's one-year limitation period can be equitably tolled since it is not a jurisdictional bar. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Equitable tolling is only available in cases presenting rare and exceptional circumstances and is not intended for those who sleep on their rights. *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well-versed in the law. *Saahir v. Collins*, 956 F.2d 115, 118–19 (5th Cir. 1992). A mistaken interpretation of the law or lack of knowledge of filing deadlines are not "rare and exceptional circumstances" that justify equitable tolling. *See Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009); *see also Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

### 3. Analysis

Respondent argues that, under Section 2244(d)(1)(A), the limitation period began to run when Walker's judgment became "final." Because Walker fails to argue or demonstrate that Sections 2244(d)(1)(B), (C), or (D) apply, the Court agrees with Respondent and concludes that Section 2244(d)(1)(A) governs the timeliness of his federal petitions.

### A. Finality of Judgment

Under Section 2244(d)(1)(A), the limitation period begins to run on the date the judgment becomes final on direct review or when the time for seeking direct review expires. *See* 28 U.S.C. § 2244(d)(1)(A). Because Walker did not appeal his convictions, Texas Rule of Appellate Procedure 26.2(a)(1) determines when his judgements became final under Section 2244(d)(1)(A). *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (citing Tex. R. App. P.

26.2(a)). Under Rule 26.2(a)(1), a criminal defendant has 30 days after the day his sentence is imposed to file a notice of appeal. *Id.*

Here, the state trial court imposed Walker's sentence on February 3, 2022. Under Rule 26.2(a)(1), Walker's judgments became "final"—and the one-year limitation period began to run—thirty days afterward, on March 7, 2022. Thus, absent any statutory or equitable tolling, Walker had to file his federal petition one year later, by March 7, 2023. But, as noted by Respondent, the time during which Walker's state habeas applications were pending tolled the limitation period by 63 days. Accordingly, the Court concludes that Walker had until May 9, 2023 to file his federal petitions. But Walker filed them on June 22, 2023—over a month after the limitation period expired.

### B. Equitable Tolling

In his reply, Walker appears to argue that he is entitled to equitable tolling of the limitation period. He contends that he has been pursuing his rights diligently, but is uneducated, not a licensed attorney, illiterate, and does not understand the law. Even if Walker has pursued his rights diligently, the Court nevertheless concludes that he fails to demonstrate that equitable tolling is warranted. Walker fails to show that some extraordinary circumstances stood in his way and prevented him from timely filing his federal petitions. As previously noted, a petitioner's pro-se status, mistaken interpretation of the law, or lack of knowledge of filing deadlines does not justify equitable tolling. *See Wion*, 567 F.3d at 149.

### C. Actual Innocence

To the extent Walker seeks to circumvent the limitation period based on his claim that he is "actually innocent," for the reasons stated by Respondent in its answer, the Court finds that he has not made the necessary showing to do so. *See Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)); *see also Schlup v. Delo*, 513 U.S. 298, 329(1995)).

4. **Conclusion**

For the reasons discussed above and based on the facts and law set forth in the Respondent's answer, the Court concludes that Walker's Section 2254 claims were filed after the applicable one-year limitation period expired and should, therefore, be denied and dismissed with prejudice.

Additionally, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

All relief not expressly granted is denied, and any pending motions are denied.[2]

The Court will enter judgment accordingly.

So ordered.

Dated February 17, 2026.

JAMES WESLEY HENDRIX
United States District Judge

---

[2] To the extent Walker's recent motion, Dkt. No. 41, may be construed as seeking to voluntarily dismiss this habeas action under Rule 41(a)(2), the Court, in its discretion, denies the motion. *See* Fed. R. Civ. P. 41(a)(2); *see also Kramer v. Butler*, 845 F.2d 1291, 1295 (5th Cir. 1988) (citations omitted). Because Walker filed the motion more than two years after Respondent filed its answer, the Court concludes that dismissal would unfairly prejudice Respondent. And the reasons Walker provides for wanting to "withdraw" his petition—that having an "active habeas petition" adversely affects his chances of being released on parole, and he has gained a new appreciation for how valuable time is—are not compelling. Moreover, Walker fails to demonstrate that he will suffer "serious prejudice" if the Court does not permit him dismiss this case. *See United States v. Lanfranca*, 24 F.3d 237, at *1 (5th Cir. May 18, 1994) (citations omitted).